FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 10, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AARON MICHAEL SURINA, | No. 2:26-CV-0048-RLP |
| Plaintiff, | ORDER DISMISSING SECOND AMENDED COMPLAINT |
| v. | |
| SPOKANE COUNTY, | |
| Defendant. | |

Before the Court is *pro se* Plaintiff Aaron Surina's Response to the Court's May 14 Order dismissing his Second Amended Complaint. In the Court's prior order, it instructed him to identify the policy or custom he wishes to challenge. ECF No. 37. None of the policies identified in Mr. Surina's response give rise to a claim for a violation of his constitutional rights. The Court further finds that any amendment to Mr. Surina's Complaint would be futile. Accordingly, Mr. Surina is denied leave to amend his complaint, and his case is dismissed with prejudice.

ORDER OF DISMISSAL* 1

DISCUSSION

Mr. Surina initiated this action on January 26, 2026 against his former wife, Sirinya Surina, her attorney, Stanley Kempner Jr., and Washington State Superior Court staff and judicial personnel involved in child custody proceedings concerning the Surina's two minor children. *See* ECF No. 1. The Court dismissed the Complaint *sua sponte* on the basis of the *Younger* abstention doctrine. He was given leave to amend only his claim brought against Spokane County pursuant to 42 U.S.C. § 1983. He filed a Second Amended Complaint on April 13, 2026. Spokane County filed a motion to dismiss, which the Court granted. In the dismissal order, the Court instructed Mr. Surina to identify the policy or custom upon which his § 1983 claim is based. Mr. Surina responded on May 28, 2026. He identifies 9 policies: (1) the issuance of ex parte orders; (2) failing to provide notice prior to denying motions; (3) conducting proceedings and entering orders during appellate stays; (4) failing to implement court-ordered child protective mechanisms; (5) closing cases prior to forensic investigations; (6) failing to train court personnel as mandatory reporters under RCW 26.44.030; (7) chain of custody and other evidentiary issues; (8) imposition of monetary sanctions; and (9) financial conflicts of interest.

Policies (1)-(3) and (7) allege violations of court procedures. The facts Mr. Surina alleges in support of these violations describe adherence with lawful

ORDER OF DISMISSAL* 2

court procedures. For example, Mr. Surina complains that the Court did not give Mr. Surina notice prior to issuing a ruling on a motion. However, Mr. Surina cites no law requiring the Court to provide him such notice. In another example, Mr. Surina alleges chain of custody violations simply because evidence is received by a party rather than the clerk of court. This does not describe a chain of custody violation. Absent a violation of law, Mr. Surina cannot assert a violation of his constitutional rights.

Policies (4) and (5) concern the Court's handling of child abuse allegations. Specifically, Mr. Surina complains that no Guardian Ad Litem (GAL) was assigned to his case and his case was closed prior to a forensic investigation. Mr. Surina fails to connect these policies to a constitutional violation. Even if the Court were to assume such a violation, *Monell* liability requires a pattern or history of unconstitutional actions. *See Flores v. County of Los Angeles*, 758 F.3d 1154, 1159 (9th Cir. 2014) ("A pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train, though there exists a narrow range of circumstances in which a pattern of similar violations might not be necessary to show deliberate indifference." (citation, quotation marks, and editorial marks omitted)).[1]

---

[1] Nor does the Court find the constitutional violation to be patently obvious. *See Connick v. Thompson,* 563 U.S. 51, 64, 131 S.Ct. 1350

ORDER OF DISMISSAL* 3

Next, Mr. Surina alleges court staff failed to adhere to RCW 26.44.030. This statute does not list court staff as mandatory reporters, and the Court cannot locate any Washington case interpreting the statute to apply to court staff.

Turning finally to policies (8) and (9), Mr. Surina alleges that Spokane maintains a policy of imposing monetary sanctions against pro se litigants in child custody proceedings in order to generate revenue for the County. The factual basis for these claims appears to be costs Mr. Surina incurred litigating his child custody proceedings. These facts are insufficient to state a policy, practice or custom.

The Court provided Mr. Surina ample opportunities to amend his complaint. In all Amendments, Mr. Surina failed to state a cognizable legal claim. For that reason, the Court declines to provide Mr. Surina a fourth attempt to articulate a claim as it is clear that further opportunities to amend would be futile. The Court dismisses the action with prejudice. *See Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (dismissal with prejudice appropriate where it is clear that complaint cannot be saved by amendment).

---

(2011) ("[W]ithout proof of a pre-existing pattern of violations," "unconstitutional consequences of failing to train [must] be so patently obvious [for] a city [to] be liable under § 1983.").

ORDER OF DISMISSAL* 4

Accordingly, **IT IS HEREBY ORDERED:**

1.     Plaintiff's Motion to Amend, **ECF No. 37**, is **DENIED.** This action is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2).

2.     The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order, enter judgment, provide copies to Plaintiff and counsel, and **CLOSE** the file.

**DATED** June 5, 2026.

REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE

ORDER OF DISMISSAL* 5